Abchibald Wemple, J.
The defendant was indicted by the Grand Jury of the County of Schenectady on two counts charging him with criminal negligence in the operation of' a motor vehicle resulting in death, and driving a vehicle while in an intoxicated condition. The indictment was found January 23, 1961. The defendant was arraigned on January 30, 1961, entered a plea of not guilty and the case was then sent to County Court. The case has been adjourned on several occasions at the request of the defendant’s counsel. Defendant’s counsel has moved for a bill of particulars which particulars have been granted. The case was set down for trial on June 13, 1961, and following this motion to inspect, the case was put over to the October 1961 Term of court.
In the argument of the motion defendant’s counsel argues that there was not sufficient evidence presented to the Grand Jury to justify the finding of the indictment; that the defendant himself was incoherent from injuries; that the testimony of certain witnesses who observed the deceased in a “ bloody condition ” was prejudicial to the defendant; that the indictment was founded on evidence which was speculative, circumstantial or inferential; and that the defendant therefore should be given the right to examine the evidence given before the Grand Jury “ in order that he may prepare a proper defense if this case is brought to trial ’ ’.
The District Attorney in his argument countered that the motion was untimely and made only for the purpose of delay. The District Attorney further argued that the objective of the defendant’s inspection of the minutes to provide a defense is not a proper ground for the granting of such a motion. The Assistant District Attorney contended that the defendant’s attorney does not show in his moving papers proper or legal grounds for inspection of the Grand Jury minutes in the instant case. The District Attorney characterized the defendant’s application as a simple ‘‘ fishing expedition”.
While, in most cases, a motion to inspect minutes is made immediately after arraignment, or shortly thereafter, the defendant’s attorney herein has reserved the rights of the defendant to move with respect to' the indictment. The court herein has given the defendant opportunities to move for a bill of particulars, successive adjournments, and for other relief including this application for inspection. In short, the door *791 has not been closed to the motion now addressed- to the court. The basic issue is for this court now to decide whether the defendant is entitled upon his application to an inspection of the Grand Jury minutes herein.
It is a commonly accepted presumption that an indictment is based on legal and sufficient evidence. Surmise or speculation is not enough to ground the granting of inspection of Grand Jury minutes. In the application herein there is no charge of improper Grand Jury procedure. The challenge, if any, is to the sufficiency or adequacy of the evidence. Inspection of minutes is never granted as a matter of right but only in the discretion of the court and upon grounds which justify such inspection. This court will not substitute its judgment for that of the Grand Jury. This court, however, has reviewed the minutes of the Grand Jury and finds that there was sufficient legal evidence before it to support the indictment. As noted by the learned District Attorney, the defendant will, of course, have the opportunity at the end of the People’s case on the trial to move to dismiss for insufficiency of proof if such prove to be the case. Motion to inspect denied.